IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-09-283-D |
| ) | |
| TERRANCE LYNN MCGUIRE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's *pro se* motion [Doc. No. 112] seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The United States has responded in opposition [Doc. No. 117] and Defendant has replied [Doc. No. 126].[1]

## BACKGROUND

[Redacted][2] Defendant was arrested on August 7, 2009 and charged with one count of kidnapping of a minor in violation of 18 U.S.C. §§ 1201(a)(1) and 1201(g)(1). He entered a guilty plea on September 15, 2009.

---

[1] Defendant's motion also includes a request for the appointment of counsel. "[T]here is no constitutional right to counsel to aid in a defendant's request for compassionate release." *United States v. Hemmelgarn*, 15 F.4th 1027, 1032 (10th Cir. 2021). Where counsel is not required by the constitution, the decision to appoint counsel is a matter of judicial discretion. *See Engberg v. Wyoming*, 265 F.3d 1109, 1121–22 (10th Cir. 2001). Defendant's filings, which include a 91-page memorandum of law and numerous exhibits, show that he is sufficiently capable of preparing his motion for relief under § 3582(c)(1)(A)(i). Accordingly, Defendant's request for the appointment of counsel is denied.

[2] A redacted version of the order will be filed on the public docket, while the full version will remain under seal.

Defendant appeared for a sentencing hearing before Judge Vicki Miles-LaGrange[3] on April 13, 2010. The charge carried a twenty-year mandatory minimum sentence. The PSR calculated an adjusted offense level of 39 with a criminal history category of I, which set the advisory sentencing guideline range at 262 to 327 months' imprisonment. Judge Miles-LaGrange acknowledged the advisory guidelines range, but after making detailed factual findings regarding the nature and circumstances of the offense, varied the sentence upward to 500 months' imprisonment. The Tenth Circuit affirmed Defendant's sentence on appeal. *United States v. McGuire*, 441 F. App'x 586, 591 (10th Cir. 2011) (unpublished).[4]

Now, after having served nearly 13 years of his 41 year and 8 month sentence, Defendant requests that his sentence be reduced, either to time served, to a variance below the guideline range, or to within the guideline range.

## STANDARD OF DECISION

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation marks and citation omitted). An exception to this general rule is codified in 18 U.S.C. § 3582(c)(1)(A)(i), which provides that a court "may reduce the term of

---

[3] The case was reassigned following Judge Miles-LaGrange's transition to inactive senior status [Doc. No. 113].
[4] Defendant also filed a Motion Pursuant to Title 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. Nos. 88-89] arguing that he was denied the effective assistance of counsel and that the prosecution engaged in misconduct. The district court denied the motion [Doc. No. 99] and the Tenth Circuit declined to issue a Certificate of Appealability. *United States v. McGuire*, 579 F. App'x 632, 633 (10th Cir. 2014) (unpublished).

2

imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[5]

The Tenth Circuit has adopted a "three-step test" for motions seeking a sentence reduction under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021). The first step requires a finding that there are "extraordinary and compelling reasons" that "warrant a sentence reduction.'" *Id.* The second step requires that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Currently, "the Sentencing Commission's existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not[,]" as is the case here, "to motions filed directly by defendants." *Id.* at 1050. *See also United States v. Hald,* 8 F.4th 932, 938 (10th Cir. 2021) (explaining that "the district court's discretion is not restricted by any Sentencing Commission policy statements…although it would hardly be an abuse of discretion for a district court to look to the present policy statement for guidance."). Finally, step three "instructs a court to consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part

---

[5] As a procedural matter, § 3582(c)(1)(A) allows a district court to grant relief "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." There is no dispute in this case that Defendant complied with this requirement.

under the particular circumstances of the case." *McGee,* 992 F.3d at 1042 (original brackets and internal quotation marks omitted).

Although these steps suggest a sequential analysis, a district court need not address the steps in "any particular order." *Hald*, 8 F.4th at 942. "[D]istrict courts are free to deny relief on the basis of any one of § 3582(c)(1)(A)'s requirements without considering the others." *Id.* at 936-37. "To *grant* a motion for compassionate release, however, the district court 'must of course address all three steps.'" *Id.* at 938 (quoting *McGee*, 992 F.3d at 1043) (emphasis in original).

## DISCUSSION

In this case, Defendant's request for a sentence reduction is most easily addressed by proceeding directly to consideration of the factors enumerated in 18 U.S.C. § 3553. Relevant § 3553 factors include the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed to address the various goals of sentencing, the sentencing range established by the Sentencing Guidelines, and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Defendant argues that, although he committed a serious offense, his exceptional record while incarcerated tips the first factor in his favor. In particular, Defendant points out that he has voluntarily completed numerous BOP treatment programs, has taken hundreds of hours of educational and vocational training, has worked as a mentor and mental health companion to other inmates, [redacted], and has not received a single disciplinary infraction during his incarceration. Numerous letters from inmates, BOP staff,

4

and Defendant's family attest to these rehabilitative efforts. Defendant's achievements while incarcerated are certainly commendable, and the Court sincerely hopes that he continues down this path. His excellent record during incarceration does not, however, lessen the heinous conduct underlying the offense, for which he has served only a fraction of the period of incarceration imposed.

The second factor – the need for the sentence to address the various goals of sentencing – weighs heavily against granting a sentence reduction at this time. A lengthy sentence is necessary to reflect the serious nature of the offense, promote respect for the law, provide just punishment, and protect the public from further crimes of the defendant. Defendant argues that there is a reduced need to protect the public from his conduct because he has completed sex offender treatment, received low recidivism scores on two separate risk assessment tools, and did not reoffend during the two-year period before his arrest. [Redacted].[6] Moreover, Defendant has only served approximately one third of this sentence, has not yet served the mandatory minimum associated with the offense, and the underlying offense conduct is difficult (if not impossible) to commit while incarcerated. The Court, therefore, cannot conclude at this time that reducing Defendant's sentence will accurately reflect the need to protect the public from further crimes of the defendant.

Defendant also argues that the upward variance in his sentence is an extreme outlier and the precautionary measures that have been put in place at BOP facilities due to the

---

[6] This information is contained in the PSR. Defendant contends that his trial attorney persuaded him not to object to this information because it would not affect the guidelines range.

5

Covid-19 pandemic have increased the severity of the sentence beyond what was reasonably anticipated. Assuming this to be the case, the severity of the sentence has not been increased to the point where a reduction is appropriate given the serious offense for which Defendant is incarcerated. Additionally, the sentence – although well outside the applicable guidelines range – appropriately reflects the egregious conduct that accompanied the kidnapping.

After reviewing all of Defendant's arguments and evidence, and considering the factors enumerated in § 3553, the Court concludes that reducing Defendant's sentence as requested at this time would not adequately reflect the serious nature of the offense or the need to promote respect for the law, to provide just punishment for the offenses, and to protect the public from further crimes.

## CONCLUSION

The Court commends Defendant for his excellent record while incarcerated but, at this time, finds that Defendant should not be granted relief under § 3582(c)(1)(A)(i).

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release/Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) of the First Step Act [Doc. No. 112] is DENIED without prejudice to refiling at an appropriate time.

**IT IS SO ORDERED** this 10th day of June, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge